Appeal number 20-1036. And we'll hear first from Mr. Carey. Good morning, everyone. May it please the court, counsel. My name is Joe Carey from DLA Piper. Along with my colleague Matt Hiller, I represent the appellant Adonis Carswell. Neither myself nor Mr. Hiller represented Mr. Carswell at the district court level during trial. Mr. Carswell was committed of four counts related to narcotics and firearms possession. Counts one to three require that the government prove that Mr. Carswell had an intent to distribute narcotics. It's our position that there were several serious errors during the prosecutor's closing argument that warrant a new trial. Those errors should be reviewed under a plain error standard. During his closing argument, the prosecutor violated Mr. Carswell's constitutional rights by commenting on Mr. Carswell's decision to not testify or present evidence, as well as admitting facts from outside the record. Those comments so infected the trial with unfairness that it is to be a denial of due process. The prosecutor's violation of two fundamental rules of law constitute gross misconduct and plain error. And it's our position that the government bolstered a case that was dependent on really circumstantial evidence and about a tenth of a pound of heroin. Turning to the first issue, the prosecutor tied Mr. Carswell's credibility to his decision not to present evidence or testify. To briefly remind the court of the language I'm referring to, here is how the prosecutor began the argument in question. Quote, consider the defendant's credibility. The only evidence the defendant has placed. Don't get me wrong. He doesn't have to do anything if he doesn't want to. He doesn't have to testify or none of that. End quote. The plain language of the above statements improperly guided the jury to infer a connection between Mr. Carswell's decision not to testify or present evidence and his guilt. Thank you, Mr. Carrie. The question was about how much weight to give Mr. Carswell's statement at the time of the search to the effect that these 300 or 600 doses were for personal use. And I assume that there are maybe you can correct me, but I would have thought that there would be plenty of other potential sources or at least some other potential sources of corroboration for that view. If, in fact, those were only personal use amounts. Yes, to answer your question, Judge, we don't agree with the premise that the prosecutor was was only commenting on Mr. Carswell's out of court statement. And in what other in what other respect was his credibility at issue? The government is permitted to comment on the lack of evidence for, in essence, a speculative defense. Correct? Yeah, no, that is correct, Your Honor. But the prosecutor went beyond that here. He he didn't say consider the Mr. Carswell's statement to the police. He said consider the defendant's credibility, really consider the defendant as a person. And he he, in effect, argued that Mr. Mr. Carswell could not be believed because he did not present evidence or testify. Well, how can you draw that conclusion when the government went on after saying that consider the defendant's credibility to make clear? Don't get me wrong. He doesn't have to do anything if he doesn't want to. He doesn't have to testify or none of that. And then on top of that, the district court, in its instructions to the jury, reiterated that the defendant doesn't have to testify and gave guidance on how the jury should consider that personal use statement. Yes, judge. That's a fair question. And it's it's actually I don't think it would be fair to say that the prosecutor did this intentionally. And it does appear that that he caught himself and he tried to correct it. But but in so doing, he actually made it worse. He went on from from from saying that Mr. Carswell did not present any evidence to to to reminding the jury that that he didn't testify. And then as for the jury instructions, that comment from the prosecutor doesn't go any further than the judge's instructions. When a judge gives the instruction, she notes that the defendant did not testify and tells the jury, you may not draw any inferences from that. I don't see how the prosecutor's statement made that any worse. Yeah, it's true that the correct jury instructions were issued to the jury after closing argument by the judge. And it's also true that this court and every other court places a significant value on jury instructions. But but as to the jury instructions, President is also clear that jury instructions are not ordinarily sufficient to cure constitutional errors, which is what we argue happened here. And further, and during during his closing argument, the prosecutor misstated a crucial jury instruction to the jury. He directed the jury to analyze Mr. Carswell's out-of-court statements using the witness credibility jury instruction. That was the wrong instruction as the government conceded in its brief and instructing the jury to analyze Mr. Carswell's statement using the wrong standard. The prosecutor, again, a bit indirectly, but he again indirectly reminded the jury that Mr. Carswell did not testify. Even if the prosecutor used the wrong jury instruction for evaluating that statement, how do you get around the fact that the court again at the end instructed the jury how it should consider that statement? And the court made crystal clear that the court's instructions on the law were what mattered, not what anybody else said. It's true. They the court did did make that clear. We can see that we can't argue against that, but we don't think it was enough. Mr. Mr. The sole issue at trial here was whether Mr. Carswell was a narcotics distributor or whether he personally used narcotics. And Mr. Carswell's sole defense was that the government failed to prove its case. They failed to prove beyond a reasonable doubt that Mr. Carswell possessed heroin and and and the other stuff found in his home for personal use. So, you know, I don't think there is any recovering from that. I think that once once you place his credibility as as a defendant, as a person at issue and and and bolster that argument by pointing out that he never presented evidence or testified, I think he was he was prejudiced and that warranted a new trial. I'm turning to the the the other issues we had with the closing argument briefly. The prosecutor's closing argument also admitted facts that were not in evidence. They they twice informed the jury that Mr. Carswell was not dope sick, meaning suffering from from withdrawal symptoms. And the prosecutor testified to the jury that Mr. Carswell was operating stash houses with another individual called Little Bro. And and your honors, we we feel that that these statements, which, again, we're not we're not in the record. We're on the stash house when wasn't it his brother that he said it sounded like his brother was operating a stash house, not that the defendant was. I believe the implication and what was said was that he was operating a stash house with they referred to the person as a little bro is probably his brother. But that's why it wasn't the text message exchange that came in between the defendant and his brother's phone number, that somebody was looking for him a sufficient basis to make that statement about. Again, it was about the brother, not the defendant. Yes. And it would have been a powerful piece of evidence that that Mr. Carswell was operating a stash house, but all they had was Mr. Carswell being asked if if he if someone else had presumably narcotics and Mr. Carswell provided that person with a phone number. That is just too large of a leap to to be to be a logical inference that he's operating a stash house in Mr. Carswell. There's evidence that Mr. Carswell was was operating a stash house. That is a that is a powerful piece of evidence. And the actual language from the closing that you quoted was considerably more limited.  Sounds like little brother is operating a stash house that's connected to Mr. Carswell because Mr. Carswell provides the phone so the other guy can take care of. That's pretty narrow. That's what the text seems to imply to me. I think connecting Mr. Carswell to a stash house and it's our position that that went far beyond what that text, what that what the reasonable inference from that text message was. And so far beyond it, that the district court should have intervened without an objection during closing from the defense counsel. We think these errors from from the prosecutor. They're all serious errors in isolation, but at the very least, cumulatively. Yes, Your Honor. Okay. Thank you very much, Mr. Kerry. All right. Mr. Holler. Good morning, Your Honors. And may it please the court. David Holler on behalf of the United States. As my opponent pointed out at the beginning of his argument, the primary issue in this case was whether or not Mr. Carswell intended to distribute drugs. Heroin was found in his house. There was no dispute that he knew about it. And so that was the primary issue in this case. The primary evidence that supported his theory that he was only a user and not a distributor of heroin was his own out-of-court statement to Agent Skender that he was a heroin user. And the district court did not commit plain error in allowing the government to explain to the jury why that piece of evidence was not enough to defeat the overwhelming evidence that the government had presented that Mr. Carswell was, in fact, a drug distributor. So it is permissible for the government to make essentially all of the comments that my opponent complains about. The prosecutor in this case was commenting about the defendant's out-of-court statement. And in fact, at the very top of page 35 of the Volume 4 of the closing argument, he says that. He frames the issue. The defendant, when asked during the interview, he didn't say he used heroin the day before. He said he smoked marijuana within the last 24 hours. And then he goes on to explain the reasons not to believe that. Consider the defendant's credibility. So this is all being framed in the context of an out-of-court statement. As Judge Hamilton pointed out, it's proper for the court to tell the jury, don't consider the defendant's failure to testify against him. It's proper, this court said in Yuseni, for another defense counsel of a co-defendant to point that out. Although I couldn't find it in a published opinion, this court did say in its unpublished opinion in Jenkins, 289 Federal Appendix at 132, that it was proper for the government to also point out that the defendant has an absolute right not to testify. What the government can't do is to make any kind of adverse comment or ask the jury to draw any kind of adverse inference. That's what was at issue in Griffin v. California was an instruction basically saying, if the defendant doesn't testify but could have provided helpful information, you should hold that against him. Nothing like that occurred here. Instead, the government, as it is entitled to, properly commented on the evidence in this record. He tied it to credibility, he tied it to the decision not to testify, and he explained why that statement was not to be believed. There was nothing about this that would have even really caused the jury to focus on or in any way adversely think about the failure to testify. To the extent there was, the prosecutor cleared that up by saying he doesn't have to testify. And the court more clearly stated that in instructions. As far as the other instances, we again don't believe there was any error in the prosecutor's discussion of the instructions. All of the factors in the witness instruction apply to this statement. And the instruction said you should treat a recorded statement, which this was, the same way you treat all of the other evidence. My opponent doesn't point to anything in the instruction about technically the testimony instruction that the jurors shouldn't have considered. They should have evaluated Mr. Carswell's ability and opportunity to see and hear what he was talking about. His memory, his demeanor, whether he had bias or prejudice, which he clearly did. He clearly had reasons with the government at his door to come up with an excuse that would mitigate the crime that he was guilty of. So for all of those reasons, we see no comment on the right to silence or any other issues with any of these statements. We don't see any error in any of the prosecution statements. And certainly, again, the standard here is plain error. To the extent that any of these statements in the context of this closing argument could have been taken out of context, the assumption is that the defense attorney is the one who is there to protect the defendant's rights to object if there is something that is amiss. And it's really only when there's something that is a clear red flag, a clear symbol out of the blue, that the district court should step in, stop everything, and declare a mistrial, issue a curative instruction, anything like that. So we don't see anything with any of those statements that are improper. They are arguments and inferences that could be drawn from the record. If the court has any particular questions about any of those statements that were made or any of that, I'm happy to address specific statements. Otherwise, I don't believe there was any error in any of the statements that were made. They could be properly inferred from the evidence in the record. And to the extent there was error under the five-factor Darden test, the evidence here was overwhelming. The comments were minor in the context of a 40-page closing argument, and the district court's instructions were correct and told the jury. The prosecutor's arguments are not evidence, and the defendant has an absolute right not to testify. I also think the district court's order clearly articulates why the motion to suppress was properly denied in this case. Taken together and in context, there was probable cause to search Mr. Carswell's home based on the information provided and the trash pulls. To the extent the court thought there was any question about that, there is at minimum good faith in light of the fact that this court a year later in Leonard said, well, maybe a single trash pull alone might be enough. So if the court has no further questions on any of that, I would give back the balance of my time and ask that the judgment be affirmed. Thank you, Mr. Holler. Mr. Cary, any rebuttal? I think your time has expired, but if you need a minute or two, that's fine. Thank you, Your Honor. Just briefly, the red flag here is that the prosecutor shifted his burden to Mr. Carswell, placed Mr. Carswell's lack of evidence and testimony at issue and asserted crucial facts that were not evidence to the jury. Again, we think these are at the very least humility worthy of a new trial. Unless the panel has further questions. Thank you for your time today. All right. Thank you very much. Our thanks to both counsel, Mr. Cary. I believe you and your colleagues step forward as volunteers in this case, and the court is grateful to you for the service you've provided the court and your client. And of course, we're also appreciative of Mr. Holler's efforts on behalf of the government. Case is taken under advisement and we'll move to the final argument.